IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRENDA L. BERRY                                                                                         PLAINTIFF

v.                                            CASE NO.         12-2253

CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I. Procedural Background:

The plaintiff filed an applications for DIB and SSI on June 7, 2010, alleging an onset date of April 18, 2009 (T. 128, 130), due to plaintiff's back, leg's, shoulder, black outs, depression, and suicidal tendencies  (T. 163).  Plaintiff's applications were denied initially and on reconsideration.  Plaintiff then requested an administrative hearing, which was held on July 20, 2011.  Plaintiff was present and represented by counsel.  At the time of the administrative

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

hearing, plaintiff was 54 years of age and possessed a 12th grade education.  The Plaintiff had past relevant work ("PRW") experience as a CNA  (T. 164).

On August 1, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's disorder of the lumbar spine, major depressive disorder, and panic disorder with agoraphobia did not meet or equal any Appendix 1 listing.  T. 19.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform medium work with additional restrictions.  T. 20.  With the assistance of a vocational expert, the ALJ then determined Plaintiff could  perform her past relevant work as a production assembler/machine operator as  generally performed.  T. 25.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

 RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§

404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 *citing Lauer v. Apfel*, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

**1. Credibility**

The Plaintiff first contends the ALJ committed error by not properly assessing the Plaintiff's credibility. (ECF No. 13, p. 9). In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)). Assessing and resolving

credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ).  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  The court should , " defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue*  687 F.3d 1086, 1091 (C.A.8 (Ark.),2012).

A Plaintiff's work history may be factored into their credibility determination. *See Fredrickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2004) (ALJ may consider that a claimants sporadic work record reflecting relatively low earnings and multiple years with no reported earnings that showed a lack of motivation to return to work).  In this case the Plaintiff had no SGA between 1974 and 1991 and 1996 to 2004, and 2007 to present. She failed to seek consistent treatment for her alledged conditions. See *Benskin v. Bowen*, 830 F.2d 878, 884 (8th Cir. 1987) (upholding ALJ's consideration of claimant's failure to seek medical attention where claimant's measures to relieve pain were not indicative of severe, disabling pain).  See *Banks v. Massanari*, 258 F.3d 820, 825-26 (8th Cir.2001) (ALJ properly discounted claimant's complaints of disabling depression as inconsistent with daily activities and failure to seek additional psychiatric treatment).  In her Function Report completed June 24, 2010 she indicated that she had no problems with her personal care (T. 188), prepared meals daily, did cleaning and laundry (T. 187, 189), went outside twice per day, walked, drove a car, shopped, and handled the household money (T. 190). She had a hobby of sewing and attended a sewing club once per month (T. 191).

These activities do not support plaintiff's claim of disability. *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996) (ability to care for one child, occasionally drive, and sometimes go to the store); *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996) (ability to visit neighbors, cook, do laundry, and attend church); *Novotny v. Chater*, 72 F.3d at 671 (ability to carry out garbage, carry grocery bags, and drive); *Johnston v. Shalala*, 42 F.3d 448, 451 (8th Cir. 1994) (claimant's ability to read, watch television, and drive indicated his pain did not interfere with his ability to concentrate); *Woolf v. Shalala*, 3 F.3d 1210, 1213-1214 (8th Cir. 1993) (ability to live alone, drive, grocery shop, and perform housework with some help from a neighbor).

This court concludes that the record supports that ALJ's determination that Plaintiffr was not entirely credible and the ALJ's credibility determination is entitled to deference, *see Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir.2012).

**2. Treating Chiropractor**

The Plaintiff next contends the ALJ gave improper weight to the opinion of Plaintiff's Chiropractor. (ECF No. 13, p. 11). The Plaintiff saw a treating Chiropractor on June 30, 2010 who issued an opinion that the Plaintiff would be limited to setting, standing, or walking for 30 minutes, "due to low back pain". (T. 288). The ALJ correctly gave the opinion of the one time treating Chiropractor little weight.

Under the Social Security regulations, the amount of weight given to a non-controlling medical opinion is determined by applying the following factors: (1) whether the source has examined the claimant; (2) the length, nature, and extent of the treatment relationship and the frequency of examination; (3) the extent to which the relevant evidence, "particularly medical signs and laboratory findings," supports the opinion; (4) the extent to which the opinion is

consistent with the record as a whole; (5) whether the opinion is related to the source's area of specialty; and (6) other factors "which tend to support or contradict the opinion." 20 C.F.R. §§ 404.1527(d), 416.927(d); *See Owen v. Astrue* 551 F.3d 792, 800 (C.A.8 (Iowa),2008) *citing Wagner*, 499 F.3d at 848.

The court finds that the ALJ properly discounted the opinions of the Plaintiff's treating Chiropractor as to Plaintiff's residual functional capacity (RFC). Besides not being an acceptable medical source to determine RFC the Chiropractor only saw the Plaintiff on one occasion and issued his opinion letter the same day. *See Renstrom v. Astrue*, 680 F.3d 1057 at 1064 (treating physician's opinion does not automatically control); *Charles v. Barnhart*, 375 F.3d 777, 783 (8th Cir.2004) (generally when consulting physician examines claimant only once, his opinion is not considered substantial evidence).

A Chiropractor is not a treating physician but is consider an "other source". *Lacroix v. Barnhart* 465 F.3d 881, 887 (C.A.8 (Iowa),2006). "Information from these 'other sources' cannot establish the existence of a medically determinable impairment," according to SSR 06-3p. "Instead, there must be evidence from an 'acceptable medical source' for this purpose. However, information from such 'other sources' may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function."

The Plaintiff failed to meet his burden of demonstrating his RFC, *see Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir.2012) particularly in light of the fact that the Plaintiff had to establish her disability on or before September 30, 2008.  As the ALJ pointed out the Plaintiff's "earnings record shows that the claimant has acquired sufficient quarters of coverage to remain insured

through September 30, 2008. Thus, the claimant must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits." The Plaintiff's evidence is substantially deficient to establish her disability on or before that date. There are no medical records that predate the expiration of the Plaintiff's coverage. The Plaintiff listed the Booneville Family Clinic, Booneville, Arkansas as having provided prior services. (T. 166). The Commissioner requested medical records from the Booneville Family Clinic on June 15, 2010 (T. 235) for all records from September 2007 to present and to describe the Plaintiff's ability to do work activities. The Commissioner was informed that they had no records. (Id.).

### 3. RFC Determination

The ALJ found the Plaintiff had the RFC to "perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c), except that she can only frequently climb ramps and stairs, balance, kneel and crawl and occasionally stoop and crouch. The claimant can do work limited to simple, routine and repetitive tasks involving only simple, work related decisions with few, if any, workplace changes. She can have no more than incidental contact with coworkers, supervisors and the general public. (T. 20).

The Commissioner order a physical exam by a consultive physician which was performed on September 1, 2010. (T. 241-245). The physical examination report showed that Plaintiff had a normal range of motion of her lumbar spine, shoulders, elbows, wrists, hands, hips, knees, and ankles (Tr. 243). Plaintiff's cervical spine had mild range of motion limitations (Tr. 243). Neurologically, Plaintiff's biceps, triceps, patellar, and Achilles were normal (Tr. 244). Plaintiff had no muscle spasms, no muscle atrophy, no muscle weakness, and no sensory abnormalities (Tr. 244). Plaintiff had normal gait and coordination (Tr. 244). Plaintiff had a normal hand

function, with 100% percent grip strength bilaterally and had the ability to hold a pen, touch fingertips to palms, oppose thumb to fingers, and pick up a coin (Tr. 244). Plaintiff was able to stand and walk without assistive devices, could walk on heel and toes, and could squat and arise from a squatting position (Tr. 244).

A Physical RFC Assessment was performed by Dr. Thomas on September 3, 2010 finding that the Plaintiff could lift 50 pounds occasionally, 25 pounds frequently, and could stand and/or walk and sit for six hours in an 8-hour workday. (T. 250). Dr. Greenwood reviewed and affirmed Dr. Thomas' assessment in December. (T. 268). None of the Plaintiff's treating medical records dispute the physical RFC assessment made by consultive physicians.

The Eighth Circuit Court of Appeals has upheld the Commissioner's RFC assessment in cases where the ALJ did not rely on a treating physician's functional assessment of the claimant's abilities and limitations. *See Page v. Astrue*, 484 F.3d at 1043 (the medical evidence, state agency physician opinions, and claimant's own testimony were sufficient to determine RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004) (medical evidence, state agency physicians' assessments, and claimant's reported activities of daily living supported RFC finding); *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004) (ALJ's RFC assessment properly relied upon assessments of consultative physicians and a medical expert, which did not conflict with the treating physician's records)

On December 18, 2010 Dr. Efird, a psychologist, performed a Mental Diagnostic Evaluation (T. 258-261). On December 27, 2010, Dr. Paula Lynch, a psychiatrist, performed a Psychiatric Review Technique finding the Plaintiff had Depressive syndrome (T. 276) and Anxiety (T. 278), but that she was only mildly restricted in her daily activities and moderately

limited otherwise. (T. 283). Dr. Lynch noted that the "Available MER is insufficient to assess MN impairment status and functions at DLI of 09/30/2008". (T. 287). Based upon the current information Dr. Lynch placed the Plaintiff's Mental RFC at Not Significantly or Moderately Limited. (T. 269-270).

Based upon all of the evidence the court finds that the ALJ properly determined the Plaintiff's RFC at the time of hearing and at the DLI the Plaintiff was not disabled.

### IV.  Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed.  The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated this 15th day of October 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE